OWEN, Circuit Judge,
concurring:
I fully join the panel’s opinion. I write only to emphasize that QIC may have rights and remedies pursuant to the Texas Any Willing Provider statute[1] that are not preempted by ERISA. ERISA does not preempt state “law[s] ... which regulat[e] insurance”[2] unless the state law attempts to provide remedies “outside of, or in addition to, ERISA’s remedial scheme.”[3] QIC may also have remedies under ERISA. As an assignee, QIC may be able to recover benefits through an action under § 502(a) of ERISA.[4]
Texas may prohibit insurers, such as Humana, from discriminating against willing providers. The Supreme Court made this clear in Kentucky Association of Health Plans, Inc. v. Miller, concluding that “a law mandating certain insurer-provider relationships” did “regulate insurance” within the meaning of ERISA’s savings clause,[5] and acknowledging the validity of such a state law: “Those who wish to provide health insurance in Kentucky (any ‘health insurer’) may not discriminate against any willing provider.”[6] QIC could sue Humana seeking a declaratory judgment that based on Texas law, it has “the right to participate as a contract provider”[7] under Humana’s health care policies. What QIC may not do is seek to recover benefits due to Carstens or Willi-by under Humana’s plan through the guise of its discrimination claim.
Through the assignments from Carstens and Williby or otherwise, QIC may also have a means of obtaining the benefits of the provisions of the Texas AWP statute that require “[a] health insurance policy or managed care plan” to permit a beneficiary to select a pharmacy or pharmacist of his or her choosing.[8] The Texas AWP statute purports to void a policy or plan provision that conflicts with this right.[9] But the parties have not briefed, and we do not consider, issues surrounding an action against Humana either as an insurer *684 or as the administrator of a plan. Those issues may include the applicability of ERISA’s “deemer clause”[10] and whether the Texas AWP statute could be enforced directly against an insured health care plan even though the Texas statute purports to regulate insurance[11] or whether QIC has an action under ERISA § 502(a) “for benefits due, [seeking] only the application of saved state insurance law as a relevant rule of decision in [the] § 502(a) action.”[12]
The pleadings QIC filed in state courts seek payment, based on state law, for the prescription drugs provided to Carstens and Williby. This is a claim for benefits that must be pursued as such under ERISA, even if state law mandates what those benefits must include. QIC’s claims, as currently cast, are preempted.

. Tex. Ins.Code Ann. art. 21.52B, § 2(a) (Vernon 2007).

. 29U.S.C. § 1144(b)(2)(A).

. See Aetna Health Inc. v. Davila, 542 U.S. 200, 217-18, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) ("[E]ven a state law that can arguably be characterized as 'regulating insurance’ will be pre-empted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme.”).

. 29U.S.C. § 1132(a).

. 538 U.S. 329, 337-38, 123 S.Ct. 1471, 155 L.Ed.2d 468 (2003).

. Id. at 338, 123 S.Ct. 1471.

. Tex. Ins.Code Ann. art. 21.52B, § 2(a)(2) (Vernon 2007).

. Id. § 2(a)(1):
A health insurance policy or managed care plan ... may not:
(1) prohibit or limit a person who is a beneficiary of the policy from selecting a pharmacy or pharmacist of the person's choice to be a provider under the policy to furnish pharmaceutical services offered or provided by that policy or interfere with that person’s selection of a pharmacy or pharmacist....

. Id. § 3 (‘‘A provision of a health insurance policy or managed care plan that is delivered, issued for delivery, entered into, or renewed in this state that conflicts with Section 2 of this article is void to the extent of the conflict.”).

. 29U.S.C. § 1144(b)(2)(B).

. See generally FMC Corp. v. Holliday, 498 U.S. 52, 61, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990) ("[E]mployee benefit plans that are insured are subject to indirect state insurance regulation. An insurance company that insures a plan remains an insurer for purposes of state laws ‘purporting to regulate insurance’ after application of the deemer clause. The insurance company is therefore not relieved from state insurance regulation. The ERISA plan is consequently bound by state insurance regulations insofar as they apply to the plan’s insurer.").

. UNUM Life Ins. Co. of Am. v. Ward, 526 U.S. 358, 376 n. 7, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999); see also id. at 372-73, 119 S.Ct. 1380 (holding that a California common-law requirement "that insurers show prejudice before they may deny coverage because of late notice" regulated insurance and was saved from preemption; the insurance company that issued a group disability policy as an insured employee benefit plan could not rely on the notice provisions to deny coverage unless there was prejudice).